**Douglas G. Houser**, OSB #600384
E-mail: doug.houser@bullivant.com
**Ronald J. Clark,** OSB #880328
E-mail: ron.clark@bullivant.com
**Jacqueline Tokiko Mitchson**, OSB #145709
E-mail: jackie.mitchson@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Plaintiff Great American Alliance
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>      v.<br><br>SIR – COLUMBIA KNOLL ASSOCIATES, LIMITED PARTNERSHIP, an Oregon Limited Partnership,<br><br>                              Defendant. | Civil No.: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMAND** |

## I. PARTIES

1.      Plaintiff Great American Alliance Insurance Company ("GAIC") is an Ohio

corporation engaged in the business of insurance. GAIC's principal place of business is in

Cincinnati, Ohio.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 1**

2.      SIR Columbia Knoll Associates, L.P. ("Columbia Knoll" or "the insured") is an Oregon Limited Partnership, and its principal place of business is in Oregon.  Columbia Knoll is the owner of real property located at the southeast corner of 82nd and NE Sandy Boulevard in Portland, County of Multnomah, State of Oregon.

## II.  JURISDICTION AND VENUE

3.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      The Court has jurisdiction pursuant to 28 U.S.C. section 1332 (diversity of citizenship) and 28 U.S.C. section 2201 (declaratory judgment).

5.      Venue in the District of Oregon, Portland, Oregon, is proper under 28 U.S.C. section 1391 and Local Rule 3.2(a)(1).

6.      An actual controversy exists between the parties as to whether GAIC has a duty to cover the alleged property damage under the GAIC property insurance policy, which lists Columbia Knoll as a named insured.

## III.  FACTUAL BACKGROUND

7.      GAIC issued an insurance policy, policy number PAC 307-03-51 with effective dates of June 30, 2011 to June 30, 2012, and was renewed for the policy periods of June 30, 2012 to June 30, 2013, and June 30, 2013 to June 30, 2014 (collectively the "Policies").  Among other coverages, the Policies, subject to their terms, limitations, conditions, and exclusions, provide property coverage for Sir Columbia Knoll Associates, L.P. and the apartments located at 8320 and 8212 NE Sandy Blvd., Portland, Oregon 97201, which consists of two separate communities: The Terrace at Columbia Knoll Apartments (the

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 2**

"Terrace") and The Heights at Columbia Knoll Senior Residence (the "Heights").

8.      On or about October 31, 2016, the insured reported a loss to their insurance broker, Propel Insurance, which reported the loss to GAIC.  The Loss Notice provided to GAIC stated that the date of loss was approximately June 30, 2011, and described the loss as, "Insured recently discovered water damage at 2 properties."  A letter from the insured's attorney was attached to the Loss Notice from Propel Insurance indicating that the insured did not know the scope or extent of the damage.

9.      On or about November 3, 2016, GAIC assigned an independent adjuster, Phil Miller of McClarens Global Claims Services, to investigate and adjust the claim.

10.     On or about November 22, 2016, GAIC wrote to the insured's attorney to ask for additional information to aid in GAIC's investigation of the loss, including clarification on the date of loss, when the loss commenced, and documents related to the loss.

11.     On or about December 5, 2016, December 12, 2016, and January 4, 2017, GAIC's attorney sent letters to Columbia Knoll's attorney asking for documents related to the loss.  On or about February 24, 2017, GAIC's attorney received a flash drive containing a "document dump" consisting of 171,736 pages of unbates-stamped disorganized documents from the insured's attorney.  GAIC's attorney responded on or about March 17, 2017, asking for specific answers to GAIC's questions – Date of loss? Cause of loss? Amount of Loss? – which remained unanswered by the documents sent on February 24, 2017.  Columbia Knoll's attorney sent a second flash drive on or about August 28, 2017, sending additional unbates-stamped documents, but the second flash drive also failed to answer GAIC's questions regarding the date of loss, cause of loss, and amount of loss.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 3**

12.     On or about February 13, 2018, GAIC's attorney sent the insured's attorney a blank Proof of Loss form for the insured to complete.

13.     On or about April 13, 2018, the attorney for the insured submitted a letter, Sworn Statement in Proof of Loss on behalf of Columbia Knoll, and a report dated March 9, 2018 from Marcon Forensics LLC, which Columbia Knoll hired to perform an investigation and establish the conditions of the Columbia Knoll buildings.  According to the April 13, 2018 letter from Columbia Knoll's attorney, the cost estimate to repair the buildings based upon the scope of repairs in the Marcon Forensics report totals $14,262,487.73 and identifies the date of loss as June 30, 2011 (the first day of the GAIC policy period).  The period of time for which Columbia Knoll seeks to recover damages is June 30, 2011 to June 30, 2016 – two years after the end of the GAIC policy period, which ended on June 30, 2014.

14.     Construction of both the Terrace and the Heights was completed in 2005 and 2006.

15.     In 2010, repairs were supposedly completed at Columbia Knoll by the original general contractor, Synergy Construction Inc. ("Synergy"), to repair water intrusion damage caused by construction defects.

16.     In 2010, American Insurance Company, as subrogee of the owner/manager of the Heights at Columbia Knoll, filed a lawsuit in Multnomah County Circuit Court, Case No. 1002-01543, alleging water damage to one of the buildings at the Heights at Columbia Knoll, which occurred when a pipe broke in the building's fire suppression system ("the water damage lawsuit").  The water damage lawsuit resulted in a settlement in 2012, whereby American Insurance Company and its insured, Columbia Knoll, agreed to release Synergy

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 4**

from "any and all past, present, and future claims, rights, obligations, warranties and demands, including without limitation any assigned claims as well as any and all expenses, costs, and attorneys' fees, and for damages of every kind, nature or basis, known as well as unknown, anticipated or unanticipated, arising from or relating to the injuries in the Lawsuit, including without limitation damage to real and personal property, personal injury or death, statutory violations, fraud, non-disclosure, negligence, negligent misrepresentation, breach of contract, nuisance, trespass, and breach of express or implied warranties."

17.    On or about May 26, 2016, Columbia Knoll's attorney sent an "ORS 701.565 Notice of Construction Defects" to Synergy Construction, Inc. ("Synergy"), putting it on notice that Columbia Knoll was asserting Synergy was negligent in performing its inspections, providing advice, and performing repairs, and that those failures caused a list of problems, including:

- Improperly installed siding and related building envelope components;

- Improperly installed trim, including trim installed without adequate clearances to dissimilar material, and failure to properly prime and paint trim ends;

- Sealant joints improperly installed and/or omitted;

- Inadequate or improper flashing provisions and dimensions;

- Improper window installation;

- Improper exhaust vent terminations;

- Improper Roof Installation; and

- Other possible undiscovered exterior problems.

18.    On or about June 2, 2016, Columbia Knoll's attorney sent a "Notice of Destructive Testing at Columbia Knoll" to Synergy and two subcontractors that worked on

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 5**

the original construction, notifying them that destructive testing was going to be performed

beginning June 13, 2016 and continuing through June 17, 2016.  GAIC was not given notice

of the destructive testing scheduled to be performed beginning June 13, 2016 and continuing

through June 17, 2016.

19.    On or about July 12, 2016, the insured sent another letter to Synergy and

subcontractors, notifying them of "emergency repairs" that were to occur at Building 3 of the

Terraces on July 29, 2016.  The letter invited Synergy and the subcontractors to attend and

observe the repairs.  GAIC was not notified of these repairs and was not invited to attend and

observe the condition of the buildings prior to the repairs.

20.    On or about September 1, 2016, two months prior to giving GAIC first notice

of any loss, Columbia Knoll filed a lawsuit against Synergy for $8 million of damage to

Columbia Knoll's building – *SIR –Columbia Knoll Limited Partnership v. Synergy*

*Construction Inc. et al.,* Multnomah County Circuit Court Case No. 16CV28622

("construction defect lawsuit").

21.    The insured's complaint in the construction defect lawsuit alleged that water

leakage and hidden damage were the result of faulty workmanship and construction,

improper and defective materials, and noncompliance with the Oregon Structural Specialty

Code.

22.    Synergy's Second Amended Answer and Affirmative Defenses, filed on

November 22, 2017, in the construction defect lawsuit, Synergy alleged the following

affirmative defenses: (1) Failure to State a Claim; (2) Statute of Limitation(s)/Statute(s) of

Repose; (3) Negligence of Others; (4) Failure to Mitigate; (5) Economic Loss Rule;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 6**

(6) Waiver/Estoppel; (7) Betterment; (8) Comparative Fault; (9) Settlement and Release; (10)

Accord and Satisfaction; (11) Assumption of Risk; (12) *Res Judicata/*Collateral Estoppel;

(13) Spoliation of Evidence; (14) Avoidable Consequences; (15) Statute of Frauds;

(16) Conditions Precedent/Subsequent; (17) Breach of Warranties; (18) Mandatory

Arbitration Required by Settlement Agreement; (19) Unclean Hands; (20) Actual or

Substantial Damage; (21) Standard of Care; (22) Doctrine of Acquiescence; (23) Failure to

Act; (24) Prevention of Performance; (25) Pre-Existing Conditions; (26) Failure to Comply

with ORS Chapter 701; (27) *Spearin* Doctrine; and (28) Economic Waste.

23.     Columbia Knoll's construction defect lawsuit, which alleged $8 million in

damages resulted in a settlement for $400,000.00, with Synergy contributing $300,000.00,

Arctic Sheet Metal, Inc. contributing $10,000.00, and G & L Exteriors, Inc. contributing

$90,000.00.

## IV.  FIRST CLAIM FOR RELIEF
### (Reformation of Insurance Contract)

24.     GAIC issued an insurance policy, policy number PAC 307-03-51 with

effective dates of June 30, 2011 to June 30, 2012, to the insured, which, subject to its terms,

conditions, limitations, and exclusions, provided commercial property coverage, among other

coverages.

25.     Due to human error, one of the applicable coverage forms, "CAUSES OF

LOSS- SPECIAL FORM," form number CP 10 30 04 02, was excluded from the policy.

/ / /

/ / /

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 7**

26.    "CAUSES OF LOSS- SPECIAL FORM" form number CP 10 30 04 02 was included in the renewal policies with effective dates of June 30, 2012 to June 30, 2013, and June 30, 2013 to June 30, 2014.

27.    Prior to issuing the policy, GAIC provided the insured with a "quote proposal" on June 20, 2011, which stated "Quote is subject to standard policy terms, conditions and exclusions, including any and all mandatory state specific forms and endorsements.  Forms and endorsement include but are not limited to the following[.]"  One of the forms listed is "Cause of Loss – Special Form."

28.    The policy premium was calculated based upon the information in the quote, including the inclusion of the "causes of loss – special form." The insured agreed to the terms in the quote proposal and GAIC issued the policy, but due to a human error, the "Cause of Loss – Special Form" was omitted from the policy.

29.    Neither GAIC nor the insured noticed the mistake until after the insured made this claim under the Policies.

30.    The omission of the "Cause of Loss – Special Form" was caused by a simple mistake by an underwriter, and was not due to gross negligence.

## V.  SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

31.    Pursuant to the express terms, conditions, exclusions, and limitations of the Policies, there is no coverage for Columbia Knoll's loss.

/ / /

/ / /

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 8**

32.     To be covered under the Policies, Columbia Knoll's loss must have commenced during the policy period, which began on June 30, 2011 and ended on June 30, 2014.  The Policies provide:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

*****

### H.   POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.**   We cover loss or damage commencing:

**a.**   During the policy period shown in the Declarations; and

*****

33.     Columbia Knoll's preexisting loss was not fortuitous and predated GAIC's policy period.  Columbia Knoll had knowledge at least as early as 2010 that water was penetrating the exterior cladding of the buildings and causing structural damage.

34.     With respect to the loss Columbia Knoll reported to GAIC on October 31, 2016, any legal action brought by Columbia Knoll against GAIC is barred by the Policies' two-year suit limitations provision and the Policies' requirement that the insured fully comply with the terms of the Policies before bringing a legal action against GAIC.  The Policies provide:

/ / /

/ / /

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 9**

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

*****

### D.    LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

1.    There has been full compliance with all of the terms of this Coverage Part; and

2.    The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

35.    Columbia Knoll's late notice of the loss beyond the Policies' two-year suit limitations provision is both a breach of contract by Columbia Knoll and as well as a breach of a condition precedent to coverage.

36.    Columbia Knoll's claim is barred due to Columbia Knoll's violation of several of the Policies' conditions, including the requirement that the insured give GAIC prompt notice in the event of loss or damage and as soon as possible, give us a description of how, when and where the loss or damage occurred:

### "BUILDING AND PERSONAL PROPERTY COVERAGE FORM

*****

### E.    Loss Conditions

*****

### 3.    Duties in The Event of Loss or Damage

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

COMPLAINT FOR DECLARATORY JUDGMENT
Page 10

**a.** You must see that the following are done in the event of loss or damage to covered property:

\* \* \*

**(2)** Give us prompt notice of the loss or damage.  Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 11**

investigate the claim.  You must do this
within 60 days after our request. We will
supply you with the necessary forms.

**(8)**    Cooperate with us in the investigation or
settlement of the claim.

37.    Columbia Knoll's failure to give prompt notice of the loss and damage, has

prejudiced GAIC, in that the superintendent of Synergy responsible for the 2010 repairs that

Synergy performed at Columbia Knoll passed away in 2013, precluding GAIC from viewing

the property and interviewing him regarding the condition of the buildings at the time the

repairs were made.  In addition, Columbia Knoll's failure to give prompt notice and protect

the damaged property precluded GAIC from evaluating the condition of the buildings near

the time that the loss allegedly commenced as well as at the time that repairs were

performed. Further, Columbia Knoll's late notice precluded GAIC from viewing the

condition of the buildings during destructive testing that occurred on or about June 13, 2016

or at the time of "emergency repairs" on July 29, 2016.

38.    Columbia Knoll's claim is excluded under multiple provisions contained in the

Policies, which exclude from coverage, loss or damage caused directly or indirectly by:

## CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special
meaning.  Refer to Section **F.** – Definitions.

**A.    Covered Causes Of Loss**

When Special is shown in the Declarations, Covered
Causes of Loss means Risks Of Direct Physical Loss
unless the loss is:

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 12**

1.    Excluded in Section **B.**, Exclusions; or

2.    Limited in Section **C.**, Limitations;

that follow.

**B.    Exclusions**

1.    We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*\*\*

**g.    Water**

**(1)**    Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

\*\*\*\*\*

**h.    "Fungus", Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

1.    When "fungus", wet or dry rot or bacteria results from fire or lightning; or

2.    To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 13**

Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

2.  We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*\*\*

d.  (1)  Wear and tear;

(2)  Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\*\*\*\*\*

(4)  Settling, cracking, shrinking or expansion;

\*\*\*\*\*

f.  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*\*\*

k.  Collapse, except as provided below in the Additional Coverage for Collapse. But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

m.  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3.  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 14**

    **a.**    Weather conditions.  But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

    **b.**    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.**    Faulty, inadequate or defective:

        **(1)**    Planning, zoning, development, surveying, siting;

        **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)**    Materials used in repair, construction, renovation or remodeling; or

        **(4)**    Maintenance; of part of all of any property on or off the described premises.

39.    As quoted above, the Policies exclude loss or damage caused by collapse, but the Policies also provide additional coverage for loss or damage caused by collapse as follows:

### CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special meaning.  Refer to Section **F.** – Definitions.

\*\*\*\*\*

**D.**    **Additional Coverage – Collapse**

The term Covered Cause of Loss includes the Additional Coverage – Collapse as described and limited in **D.1.** through **D.5.** below.

    **1.**    With respect to buildings:

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 15**

**a.**  Collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose;

**b.**  A building or any part of a building that is in danger of falling down or caving in is not considered to be in a state of collapse;

**c.**  A part of a building that is standing is not considered to be in a state of collapse even if it has separated from another part of the building;

**d.**  A building that is standing or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

**2.**  We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if the collapse is caused by one or more of the following:

**a.**  The "specified causes of loss"[1] or breakage of building glass, all only as insured against in this Coverage Part;

**b.**  Decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

---

[1] "Specified Causes of Loss" means the following:  "Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage."  "Water damage means accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam."

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 16**

**c.**     Insect or vermin damage that is hidden from view, unless the presence of such damage is known to an insured prior to collapse;

**d.**     Weight of people or personal property;

**e.**     Weigh of rain that collects on a roof;

**f.**     Use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation. However, if the collapse occurs after construction, remodeling or renovation is complete and is caused in part by a cause of loss listed in **2.a.** through **2.e.**, we will pay for the loss or damage even if use of defective methods, in construction, remodeling or renovation, contributes to the collapse.

The criteria set forth in **1.a.** through **1.d.** do not limit the coverage otherwise provided under this Causes of Loss Form for the causes of loss listed in **2.a., 2.d.** and **2.e.**

**E.     Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

**1.**     The coverage described in **E.2.** and **E.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

**a.**     A "specified cause of loss" other than fire or lightning; or

**b.**     Flood, if the Flood Coverage Endorsement applies to the affected premises.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 17**

2.    We will pay for loss or damage by "fungus", wet or dry rot or bacteria.  As used in this Limited Coverage, the term loss or damage means:

    a.    Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    b.    The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    c.    The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

3.    The coverage described under **E.2.** of this Limited Coverage is limited to $15,000.  Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences of "specified causes of loss" (other than fire or lightning) and Flood which take place in a 12-month period (starting with the beginning of the present annual policy period).  With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

4.    This coverage provided under this Limited Coverage does not increase the applicable Limit of Insurance on any Covered Property.  If a particular occurrence results in loss or damage by "fungus", wet or dry rot or bacteria, and any loss or damage, we will not pay more, for the total of all loss or damage, than the applicable Limit of Insurance on the affected Covered Property.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 18**

> If there is covered loss or damage to Covered Property, not cause by "fungus", wet or dry rot or bacteria, loss payment will not be limited by the terms of this Limited Coverage, except to the extent that "fungus", wet or dry rot or bacteria causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Limited Coverage.
>
> **5.** The terms of this Limited Coverage do not increase or reduce the coverage provided under Paragraph **F.2.** (Water Damage, Other Liquids, Powder or Molten Material Damage) of this Causes Of Loss Form or under the Additional Coverage – Collapse.

\*\*\*\*\*

40. According to Marcon Forensics, Columbia Knoll's expert, some of the insured's buildings have reached a state of "structural collapse" at certain locations on the buildings, including exterior walls under windows and under balconies. Marcon Forensics defines the term "structural collapse" differently than the Policies' definition of the term "collapse." According to Marcon Forensics, "A condition of structural collapse occurs when a building's (or a building portion's) structural support system has, due to a loss of strength, or through deflection or deformation, reached a state of structural instability and ceases to provide its intended structural support purpose." Neither Marcon Forensics nor the insured have identified collapse conditions at any of the buildings as that term is defined in the Policies. Specifically, there has been no "abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose[]" at any of the insured's buildings.

41. As quoted above, the Policies exclude loss or damage caused by "fungus," but the Policies also provide additional coverage for loss or damage caused by fungus as follows:

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 19**

## CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special meaning.  Refer to Section **F.** – Definitions.

\*\*\*\*\*

**E.    Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

    **1.**    The coverage described in **E.2.** and **E.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

        **a.**    A "specified cause of loss"[2] other than fire or lightning; or

        **b.**    Flood, if the Flood Coverage Endorsement applies to the affected premises.

    **2.**    We will pay for loss or damage by "fungus", wet or dry rot or bacteria.  As used in this Limited Coverage, the term loss or damage means:

        **a.**    Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

        **b.**    The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

/ / /

/ / /

---

[2] The definition of "specified causes of loss" is defined above in note 1.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 20**

    **c.**    The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

**3.**    The coverage described under **E.2.** of this Limited Coverage is limited to $15,000.  Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences of "specified causes of loss" (other than fire or lightning) and Flood which take place in a 12-month period (starting with the beginning of the present annual policy period).  With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

**4.**    This coverage provided under this Limited Coverage does not increase the applicable Limit of Insurance on any Covered Property.  If a particular occurrence results in loss or damage by "fungus", wet or dry rot or bacteria, and any loss or damage, we will not pay more, for the total of all loss or damage, than the applicable Limit of Insurance on the affected Covered Property.

If there is covered loss or damage to Covered Property, not cause by "fungus", wet or dry rot or bacteria, loss payment will not be limited by the terms of this Limited Coverage, except to the extent that "fungus", wet or dry rot or bacteria causes an

increase in the loss.  Any such increase in the loss will be subject to the terms of this Limited Coverage.

**5.**    The terms of this Limited Coverage do not increase or reduce the coverage provided under Paragraph **F.2.** (Water Damage, Other Liquids, Powder or Molten Material Damage) of this Causes Of Loss Form or under the Additional Coverage – Collapse.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 21**

42. It does not appear that any "fungus" present in the buildings was the result of "a specified cause of loss" or flood.  However, GAIC is tendering the full $15,000 limit of coverage under the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria without conceding that the loss was the result of "a specified cause of loss."

43. Columbia Knoll's failure to give timely notice of its claim resulted in the spoliation of evidence and has prejudiced GAIC.  GAIC was not given notice of the destructive testing that took place beginning on June 13, 2016 and continued through June 17, 2016 or the "emergency repairs" that occurred at Building 3 of the Terraces on July 29, 2016.

44. Columbia Knoll's failure to provide GAIC with notice of their insurance claim prior to initiating the construction defect lawsuit and Columbia Knoll's 2012 and 2018 settlement and release, among other things prejudiced GAIC by destroying GAIC's subrogation rights with respect to Synergy and the subcontractors who built the Columbia Knoll buildings.

45. GAIC reserves its right to assert additional grounds for declination that are supported by the law and evidence.

46. There is an actual and justiciable dispute between GAIC and Columbia Knoll in that Columbia Knoll asserts its claim is covered under the Policies and GAIC contends there is no coverage for the claim.

/ / /

/ / /

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 22**

47.     GAIC seeks a declaratory judgment pursuant to 28 U.S.C. section 2201 that the GAIC Policies provide no coverage for the alleged loss claimed by Columbia Knoll because:

a.      Columbia Knoll's loss did not commence during the policy period.

b.      Columbia Knoll's preexisting loss was not fortuitous and predated GAIC's policy period.

c.      Any legal action that Columbia Knoll were to bring would be barred by the Policies' two-year suit limitations provisions, which requires that the insured fully comply with the terms of the Policies before bringing a legal action against GAIC.

d.      Columbia Knoll's claim is barred by its failure to: give prompt notice of the loss or damage, protect covered property from further damage, and give complete inventories of the damage.

e.      Columbia Knoll's claim is barred because its failure to give prompt notice of loss or damage resulted in the spoliation of evidence, which has prejudiced GAIC, and has resulted in the destruction of GAIC's subrogation rights.

f.      Columbia Knoll's claim is barred by several exclusions in the Policies, which exclude from coverage, loss or damage, caused directly or indirectly by water; "fungus", wet rot, dry rot and bacteria; wear and tear; rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; settling, cracking, shrinking

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 23**

or expansion; continuous or repeated seepage or leakage of water that occurs of a period of 14 days or more; collapse (except as provided for in the Additional Coverage for Collapse); neglect to use all reasonable means to preserve property from further damage; acts or decisions by any person or group; faulty, in adequate or defective workmanship, repair, construction, materials used in repair, construction or renovation, or maintenance.

g.    Columbia Knoll's claim for coverage for any loss or damage caused by "collapse" is barred because there has been no "collapse" as that term is defined in the Policies.

WHEREFORE, GAIC prays for entry of judgment as follows:

1.    For reformation of the insurance policy that GAIC issued to the insured, PAC 307-03-51, with effective dates of June 30, 2011 to June 30, 2012, which errantly omitted the policy form with the applicable exclusions.

2.    For a declaration that GAIC policy number: PAC 307-03-51-00, PAC 307-03-51-01, and PAC 307-03-51-02 provide no coverage for the loss defendant Columbia Knoll claims occurred on or about June 30, 2011;

3.    For a declaration that GAIC's tender of $15,000 without any admission of liability fully satisfies whatever obligations GAIC may have under the Policies' additional limited coverage for "Fungus", Wet Rot, Dry Rot and Bacteria.

/ / /

/ / /

/ / /

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 24**

4.      For costs of suit; and

5.      For such other relief as is appropriate.

DATED:  May 24, 2018

                    BULLIVANT HOUSER BAILEY PC


By   */S/ Douglas G. Houser*                
        **Douglas G. Houser**, OSB #600384
        **Ronald J. Clark,** OSB #880328
        **Jacqueline Tokiko Mitchson**, OSB #145709
        Telephone: 503.228.6351

        **Trial Attorney:**
        **Douglas G. Houser**, OSB #600384
        **Ronald J. Clark**, OSB #880328

        Attorneys for Plaintiff Great American Alliance
        Insurance Company

4837-2241-9811.3 02802/00642

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 25**