**Douglas G. Houser**, OSB #600384
E-mail:  doug.houser@bullivant.com
**Ronald J. Clark,** OSB #880328
E-mail:  ron.clark@bullivant.com
**Jacqueline Tokiko Mitchson**, OSB #145709
E-mail:  jackie.mitchson@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY and GREAT AMERICAN ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SIR – COLUMBIA KNOLL ASSOCIATES, LIMITED PARTNERSHIP, an Oregon Limited Partnership,<br><br>Defendant. | Civil No.: 3:18-cv-00908-HZ<br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMAND** |
| SIR-COLUMBIA KNOLL ASSOCIATES LIMITED PARTNERSHIP, an Oregon limited partnership,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Third-Party Defendant. | |

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 1**

## I. PARTIES

1.      Plaintiffs Great American Alliance Insurance Company and Great American Assurance Company (for ease of reference referred to collectively as "GAIC") are Ohio corporations engaged in the business of insurance.  Great American Alliance Insurance Company's principal place of business is in Cincinnati, Ohio.  Great American Assurance Company's principal place of business is in Cincinnati, Ohio.

2.      SIR Columbia Knoll Associates, L.P. ("Columbia Knoll" or "the insured") is an Oregon Limited Partnership, and its principal place of business is in Oregon.  Columbia Knoll is the owner of real property located at the southeast corner of 82nd and NE Sandy Boulevard in Portland, County of Multnomah, State of Oregon, which consists of two separate communities: The Terrace at Columbia Knoll Apartments (the "Terrace") and The Heights at Columbia Knoll Senior Residence (the "Heights").  The Terrace is comprised of nine individual buildings.  The Heights is a single building.

## II. JURISDICTION AND VENUE

3.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      The Court has jurisdiction pursuant to 28 U.S.C. section 1332 (diversity of citizenship) and 28 U.S.C. section 2201 (declaratory judgment).

5.      Venue in the District of Oregon, Portland, Oregon, is proper under 28 U.S.C. section 1391 and Local Rule 3.2(a)(1).

6.      An actual controversy exists between the parties as to whether GAIC has a duty to cover the alleged property damage under the GAIC property insurance policy, which lists Columbia Knoll as a named insured.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 2**

### III.  FACTUAL BACKGROUND

7.      GAIC issued an insurance policy to named insured SIR Columbia Knoll

Associates Limited DBA – The Terrace at Columbia Knoll, policy number PAC 143-80-49-

00 with effective dates of February 9, 2011 to February 9, 2012 (the "Terrace Policy").  The

Terrace Policy provided coverage for the nine separate buildings known as The Terrace at

Columbia Knoll.  The Terrace Policy did not provide coverage for The Heights at Columbia

Knoll.

8.      GAIC issued an insurance policy to first named insured Evergreen Portfolio

LLLP, policy number PAC 307-03-51 with effective dates of June 30, 2011 to June 30, 2012,

and was renewed for the policy periods of June 30, 2012 to June 30, 2013, and June 30, 2013

to June 30, 2014 (collectively the "Evergreen/CK Policies").[1]  Among other coverages, the

Evergreen/CK Policies, subject to their terms, limitations, conditions, and exclusions,

provided property coverage for SIR Columbia Knoll Associates, L.P.

9.      The Heights at Columbia Knoll was insured under the Evergreen/CK Policies

beginning on June 30, 2011, the inception date of the first policy period.  The Heights is

location number 163 on the Schedule of Locations on the first of the three Evergreen/CK

Policies.

10.     The Terrace at Columbia Knoll was insured under the Evergreen/CK Policies

beginning on February 9, 2012, when the property known as The Terrace at Columbia Knoll

and named insured SIR Columbia Knoll Associates Limited Partnership DBA The Terrace at

---

[1] The Terrace Policy and the Evergreen/CK Policies will be collectively referred to as the "Policies."

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 3**

Columbia Knoll were added as a named insured and an insured location to the Evergreen/CK Policies by Endorsement No. 33 to Policy No. PAC 307-03-51. Prior to February 9, 2012, PAC 307-03-51 with effective dates of June 30, 2011 to June 30, 2012 provided no coverage for The Terrace at Columbia Knoll. The buildings that comprise The Terrace are location numbers 172 through 180 on the first of the three Evergreen/CK Policies.

11.    On or about October 31, 2016, Columbia Knoll reported a loss to their insurance broker, Propel Insurance, which reported the loss to GAIC under the three Evergreen/CK Policies, but not under The Terrace Policy. The Loss Notice provided to GAIC stated that the date of loss was approximately June 30, 2011, and described the loss as, "Insured recently discovered water damage at 2 properties." A letter from the insured's attorney was attached to the Loss Notice from Propel Insurance indicating that the insured did not know the scope or extent of the damage.

12.    On or about November 3, 2016, GAIC assigned an independent adjuster, Phil Miller of McClarens Global Claims Services, to investigate and adjust the claim.

13.    On or about November 22, 2016, GAIC wrote to the insured's attorney to ask for additional information to aid in GAIC's investigation of the loss, including clarification on the date of loss, when the loss commenced, and documents related to the loss.

14.    On or about December 5, 2016, December 12, 2016, and January 4, 2017, GAIC's attorney sent letters to Columbia Knoll's attorney asking for documents related to the loss. On or about February 24, 2017, GAIC's attorney received a flash drive containing a "document dump" consisting of 171,736 pages of unbates-stamped disorganized documents from the insured's attorney. GAIC's attorney responded on or about March 17, 2017, asking

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 4

for specific answers to GAIC's questions – Date of loss? Cause of loss? Amount of Loss? – which remained unanswered by the documents sent on February 24, 2017.  Columbia Knoll's attorney sent a second flash drive on or about August 28, 2017, sending additional unbates-stamped documents, but the second flash drive also failed to answer GAIC's questions regarding the date of loss, cause of loss, and amount of loss.

     15.     On or about February 13, 2018, GAIC's attorney sent the insured's attorney a blank Proof of Loss form for the insured to complete.

     16.     On or about April 13, 2018, the attorney for the insured submitted a letter, Sworn Statement in Proof of Loss on behalf of Columbia Knoll, and a report dated March 9, 2018 from Marcon Forensics LLC, which Columbia Knoll hired to perform an investigation and establish the conditions of the Columbia Knoll buildings.  According to the April 13, 2018 letter from Columbia Knoll's attorney, the cost estimate to repair the buildings based upon the scope of repairs in the Marcon Forensics report totals $14,262,487.73 and identifies the date of loss as June 30, 2011 (the first day of the Evergreen/CK policy period).  The period of time for which Columbia Knoll said it sought to recover damages for, the period of June 30, 2011 to June 30, 2016, was two years after the end of the Evergreen/CK policy period, which ended on June 30, 2014.  To date, the insured has not made a claim under The Terrace Policy, which ended on February 9, 2012.

     17.     Construction of both The Terrace and The Heights was completed in 2005 and 2006.

     18.     In 2009, a tree fell on one of the buildings owned by Columbia Knoll.  During repairs of the building, rot damage was discovered in the wall and roof sheathing due to construction defects that allowed water to pour into the wall.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 5**

19.     In 2010 and 2011, repairs were supposedly completed at Columbia Knoll by the original general contractor, Synergy Construction Inc. ("Synergy"), to repair water intrusion damage caused by construction defects.  In February 2011, repairs and renovations were performed at Columbia Knoll by contractor JR Johnson.

20.     On or about May 26, 2016, Columbia Knoll's attorney sent an "ORS 701.565 Notice of Construction Defects" to Synergy Construction, Inc. ("Synergy"), putting it on notice that Columbia Knoll was asserting Synergy was negligent in performing its inspections, providing advice, and performing repairs, and that those failures caused a list of problems, including:

- Improperly installed siding and related building envelope components;

- Improperly installed trim, including trim installed without adequate clearances to dissimilar material, and failure to properly prime and paint trim ends;

- Sealant joints improperly installed and/or omitted;

- Inadequate or improper flashing provisions and dimensions;

- Improper window installation;

- Improper exhaust vent terminations;

- Improper Roof Installation; and

- Other possible undiscovered exterior problems.

21.     On or about June 2, 2016, Columbia Knoll's attorney sent a "Notice of Destructive Testing at Columbia Knoll" to Synergy and two subcontractors that worked on the original construction, notifying them that destructive testing was going to be performed beginning June 13, 2016 and continuing through June 17, 2016.  GAIC was not given notice of the destructive testing scheduled to be performed beginning June 13, 2016 and continuing

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 6**

through June 17, 2016.

22.     On or about July 12, 2016, the insured sent another letter to Synergy and subcontractors, notifying them of "emergency repairs" that were to occur at Building 3 of The Terrace on July 29, 2016.  The letter invited Synergy and the subcontractors to attend and observe the repairs.  GAIC was not notified of these repairs and was not invited to attend and observe the condition of the buildings prior to the repairs.

23.     On or about September 1, 2016, two months prior to giving GAIC first notice of any loss, Columbia Knoll filed a lawsuit against Synergy for $8 million of damage to Columbia Knoll's building – *SIR-Columbia Knoll Limited Partnership v. Synergy Construction Inc. et al.,* Multnomah County Circuit Court Case No. 16CV28622 ("construction defect lawsuit").

24.     The insured's complaint in the construction defect lawsuit alleged that water leakage and hidden damage were the result of faulty workmanship and construction, improper and defective materials, and noncompliance with the Oregon Structural Specialty Code.

25.     Synergy's Second Amended Answer and Affirmative Defenses, filed on November 22, 2017, in the construction defect lawsuit, Synergy alleged the following affirmative defenses: (1) Failure to State a Claim; (2) Statute of Limitation(s)/Statute(s) of Repose; (3) Negligence of Others; (4) Failure to Mitigate; (5) Economic Loss Rule; (6) Waiver/Estoppel; (7) Betterment; (8) Comparative Fault; (9) Settlement and Release; (10) Accord and Satisfaction; (11) Assumption of Risk; (12) *Res Judicata/*Collateral Estoppel; (13) Spoliation of Evidence; (14) Avoidable Consequences; (15) Statute of Frauds; (16) Conditions Precedent/Subsequent; (17) Breach of Warranties; (18) Mandatory

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 7**

Arbitration Required by Settlement Agreement; (19) Unclean Hands; (20) Actual or Substantial Damage; (21) Standard of Care; (22) Doctrine of Acquiescence; (23) Failure to Act; (24) Prevention of Performance; (25) Pre-Existing Conditions; (26) Failure to Comply with ORS Chapter 701; (27) *Spearin* Doctrine; and (28) Economic Waste.

26.     Columbia Knoll's construction defect lawsuit, which alleged $8 million in damages resulted in a settlement for $400,000.00, with Synergy contributing $300,000.00, Arctic Sheet Metal, Inc. contributing $10,000.00, and G & L Exteriors, Inc. contributing $90,000.00.

## IV.  FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

27.     GAIC issued an insurance policy, policy number PAC 307-03-51 with effective dates of June 30, 2011 to June 30, 2012, to first named insured Evergreen Portfolio LLLP and additional named insureds SIR Columbia Knoll Associate LP and SIR Columbia Knoll Associates Limited Partnership DBA The Terrace at Columbia Knoll,[2] which, subject to its terms, conditions, limitations, and exclusions, provided commercial property coverage, among other coverages.

28.     Due to human error, one of the applicable coverage forms, "CAUSES OF LOSS – SPECIAL FORM," form number CP 10 30 04 02, was excluded from the policy when it was issued.

29.     During the June 30, 2011 to June 30, 2012 policy period, one of the named

---

[2] SIR Columbia Knoll Associates Limited Partnership DBA The Terrace at Columbia Knoll was added by to the first Evergreen/CK Policy effective February 9, 2012 by endorsement.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 8**

insureds made a claim under the policy.  The claims adjuster assigned to the claim noticed that the "CAUSES OF LOSS – SPECIAL FORM" was not included in policy number PAC 307-03-51.  The claims adjuster notified the underwriting department, and an endorsement, Endorsement 3, was issued to include the "CAUSES OF LOSS – SPECIAL FORM" in the policy effective June 30, 2011.

30.    "CAUSES OF LOSS – SPECIAL FORM," form number CP 10 30 06 07 was included in the renewal policies with effective dates of June 30, 2012 to June 30, 2013, and June 30, 2013 to June 30, 2014.

31.    Prior to issuing the policy, GAIC provided the insured with a "quote proposal" on June 20, 2011, which stated "Quote is subject to standard policy terms, conditions and exclusions, including any and all mandatory state specific forms and endorsements.  Forms and endorsement include but are not limited to the following[.]"  One of the forms listed is "Cause of Loss – Special Form."

32.    The policy premium was calculated based upon the information in the quote, including the inclusion of the "Causes of Loss – Special Form."  The insured agreed to the terms in the quote proposal and GAIC issued the policy, but due to a human error, the "Cause of Loss – Special Form" was omitted from the policy.

33.    Neither GAIC nor the insured noticed the omission of the "CAUSES OF LOSS – SPECIAL FORM" until one of the named insureds made a claim under policy number PAC 307-03-51 during the first policy period.

34.    The omission of the "Cause of Loss – Special Form" was caused by a simple mistake by an underwriter, and was not due to gross negligence.

35.    Because the "quote proposal" given to the insured included the "CAUSES OF

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 9**

LOSS – SPECIAL FORM" an endorsement was issued to include the missing form in the first policy GAIC issued to Evergreen Portfolio LLLP and additional named insured SIR Columbia Knoll Associates LP, number PAC 307-03-51 with effective dates of June 30, 2011 to June 30, 2012.

36.    Pursuant to the express terms, conditions, exclusions, and limitations of the Terrace and Evergreen/CK Policies, there is no coverage for Columbia Knoll's loss.

37.    To be covered under The Terrace Policy, the Loss must have commenced during the policy period, which began on February 9, 2011 and ended February 9, 2012.  To be covered under the Evergreen/CK Policies, Columbia Knoll's loss must have commenced during the policy period, which began on June 30, 2011 and ended on June 30, 2014.  The Policies provide:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

*****

**H.    POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.**    We cover loss or damage commencing:

**a.**    During the policy period shown in the Declarations; and

*****

38.    Columbia Knoll's preexisting loss was not fortuitous and predated The Terrace and Evergreen/CK Policies' policy periods.  Columbia Knoll had knowledge at least as early

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 10**

as 2009 that water was penetrating the exterior cladding of the buildings and causing structural damage.

39.    With respect to the loss Columbia Knoll reported to GAIC on October 31, 2016, any legal action brought by Columbia Knoll against GAIC is barred by The Terrace and Evergreen/CK Policies' two-year suit limitations provision and the Policies' requirement that the insured fully comply with the terms of the Policies before bringing a legal action against GAIC. The Terrace and Evergreen/CK Policies provide:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

*****

### D.    LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

**1.**    There has been full compliance with all of the terms of this Coverage Part; and

**2.**    The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

40.    Columbia Knoll's late notice of the loss beyond The Terrace and Evergreen/CK Policies' two-year suit limitations provision is both a breach of contract by Columbia Knoll and as well as a breach of a condition precedent to coverage.

41.    Columbia Knoll's claim is barred due to Columbia Knoll's violation of several of The Terrace and Evergreen/CK Policies' conditions, including the requirement that the insured give GAIC prompt notice in the event of loss or damage and as soon as possible, give

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 11**

us a description of how, when and where the loss or damage occurred:

**BUILDING AND PERSONAL
PROPERTY COVERAGE FORM**

\*\*\*\*\*

**E.    Loss Conditions**

\*\*\*\*\*

**3.    Duties in The Event of Loss or Damage**

**a.**    You must see that the following are done in the event of loss or damage to covered property:

\* \* \*

**(2)**    Give us prompt notice of the loss or damage.  Include a description of the property involved.

**(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)**    At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

**(6)**    As often as may be reasonably required, permit us to inspect the property proving

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 12**

the loss or damage and examine your
books and records.

Also permit us to take samples of damaged
and undamaged property for inspection,
testing and analysis, and permit us to make
copies from your books and records.

**(7)**   Send us a signed, sworn proof of loss
containing the information we request to
investigate the claim.  You must do this
within 60 days after our request. We will
supply you with the necessary forms.

**(8)**   Cooperate with us in the investigation or
settlement of the claim.

42.   Columbia Knoll's failure to give prompt notice of the loss and damage, has

prejudiced GAIC, in that the superintendent of Synergy responsible for the 2010 repairs that

Synergy performed at Columbia Knoll passed away in 2013, precluding GAIC from viewing

the property and interviewing him regarding the condition of the buildings at the time the

repairs were made.  In addition, Columbia Knoll's failure to give prompt notice and protect

the damaged property precluded GAIC from evaluating the condition of the buildings near

the time that the loss allegedly commenced as well as at the time that repairs were

performed.  Further, Columbia Knoll's late notice of loss and damage precluded GAIC from

viewing the condition of the buildings during destructive testing that occurred on or about

June 13, 2016 or at the time of "emergency repairs" on July 29, 2016.

43.   Columbia Knoll's failure to give prompt notice of loss and damage also

precluded GAIC's underwriters from sending someone to the Columbia Knoll's property to

assess the risk and have all information it needed to issue The Terrace and Evergreen/CK

Policies and determine whether a policy should be written or renewed and set premiums both

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 13**

at the inception and renewal of the Evergreen/CK Policies.

44.    Columbia Knoll's claim is excluded under multiple provisions contained in The Terrace and Evergreen/CK Policies, which exclude from coverage, loss or damage caused directly or indirectly by:

### CAUSES OF LOSS – SPECIAL FORM[3]

Words and phrases that appear in quotation marks have special meaning.  Refer to Section **F.** – Definitions.

**A.    Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.**    Excluded in Section **B.**, Exclusions; or

**2.**    Limited in Section **C.**, Limitations;

that follow.

**B.    Exclusions**

**1.**    We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

*****

**g.    Water**

**(1)**    Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or

---

[3] The exact wording of the Causes of Loss – Special Form varies slightly between the two different versions of the form used in The Terrace Policy and the first policy period of the Evergreen/CK Policies and the version of the form used in the second and third policy period of the Evergreen/CK Policies.  The variations in wording are not material.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 14**

not;

*****

**h.    "Fungus", Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

**1.**    When "fungus", wet or dry rot or bacteria results from fire or lightning; or

**2.**    To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.**    We will not pay for loss or damage caused by or resulting from any of the following:

*****

**d.    (1)**    Wear and tear;

**(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

*****

**(4)**    Settling, cracking, shrinking or expansion;

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 15**

*****

**f.**    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

*****

**k.**    Collapse, except as provided below in the Additional Coverage for Collapse.  But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

**m.**    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.**    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**a.**    Weather conditions.  But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

**b.**    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

**c.**    Faulty, inadequate or defective:

**(1)**    Planning, zoning, development, surveying, siting;

**(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**    Materials used in repair, construction,

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 16**

renovation or remodeling; or

**(4)**   Maintenance;

of part of all of any property on or off the
described premises.

45.    As quoted above, The Terrace and Evergreen/CK Policies exclude loss or

damage caused by collapse, but the Policies also provide additional coverage for loss or

damage caused by collapse as follows:

## CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special
meaning.  Refer to Section **F.** – Definitions.

*****

**D.    Additional Coverage – Collapse**

The term Covered Cause of Loss includes the Additional
Coverage – Collapse as described and limited in **D.1.**
through **D.5.** below.

**1.**    With respect to buildings:

**a.**    Collapse means an abrupt falling down or
caving in of a building or any part of a building
with the result that the building or part of the
building cannot be occupied for its intended
purpose;

**b.**    A building or any part of a building that is in
danger of falling down or caving in is not
considered to be in a state of collapse;

**c.**    A part of a building that is standing is not
considered to be in a state of collapse even if it
has separated from another part of the building;

**d.**    A building that is standing or any part of a
building that is standing is not considered to be
in a state of collapse even if it shows evidence
of cracking, bulging, sagging, bending, leaning,

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 17**

settling, shrinkage or expansion.

2.    We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if the collapse is caused by one or more of the following:

a.    The "specified causes of loss"[4] or breakage of building glass, all only as insured against in this Coverage Part;

b.    Decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

c.    Insect or vermin damage that is hidden from view, unless the presence of such damage is known to an insured prior to collapse;

d.    Weight of people or personal property;

e.    Weigh of rain that collects on a roof;

f.    Use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation. However, if the collapse occurs after construction, remodeling or renovation is complete and is caused in part by a cause of loss listed in **2.a.** through **2.e.**, we will pay for the loss or damage even if use of defective methods, in construction, remodeling or renovation, contributes to the collapse.

---

[4] "Specified Causes of Loss" means the following:  "Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage."  "Water damage means accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam."

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 18**

The criteria set forth in **1.a.** through **1.d.** do not limit the coverage otherwise provided under this Causes of Loss Form for the causes of loss listed in **2.a.**, **2.d.** and **2.e.**

**E.    Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

1.    The coverage described in **E.2.** and **E.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

   a.    A "specified cause of loss" other than fire or lightning; or

   b.    Flood, if the Flood Coverage Endorsement applies to the affected premises.

2.    We will pay for loss or damage by "fungus", wet or dry rot or bacteria.  As used in this Limited Coverage, the term loss or damage means:

   a.    Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

   b.    The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

   c.    The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

3.    The coverage described under **E.2.** of this Limited Coverage is limited to $15,000.  Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 19**

occurrences of "specified causes of loss" (other than fire or lightning) and Flood which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

4.   This coverage provided under this Limited Coverage does not increase the applicable Limit of Insurance on any Covered Property. If a particular occurrence results in loss or damage by "fungus", wet or dry rot or bacteria, and any loss or damage, we will not pay more, for the total of all loss or damage, than the applicable Limit of Insurance on the affected Covered Property. If there is covered loss or damage to Covered Property, not cause by "fungus", wet or dry rot or bacteria, loss payment will not be limited by the terms of this Limited Coverage, except to the extent that "fungus", wet or dry rot or bacteria causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Limited Coverage.

5.   The terms of this Limited Coverage do not increase or reduce the coverage provided under Paragraph **F.2.** (Water Damage, Other Liquids, Powder or Molten Material Damage) of this Causes Of Loss Form or under the Additional Coverage – Collapse.

*****

46.   According to Marcon Forensics, Columbia Knoll's expert, some of the insured's buildings have reached a state of "structural collapse" at certain locations on the buildings, including exterior walls under windows and under balconies. Marcon Forensics defines the term "structural collapse" differently than The Terrace and Evergreen/CK Policies' definition of the term "collapse." According to Marcon Forensics, "A condition of structural collapse occurs when a building's (or a building portion's) structural support

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 20**

system has, due to a loss of strength, or through deflection or deformation, reached a state of

structural instability and ceases to provide its intended structural support purpose." Neither

Marcon Forensics nor the insured have identified collapse conditions at any of the buildings

as that term is defined in The Terrace and Evergreen/CK Policies. Specifically, there has

been no "abrupt falling down or caving in of a building or any part of a building with the

result that the building or part of the building cannot be occupied for its intended purpose[]"

at any of the insured's buildings.

47.    As quoted above, The Terrace and Evergreen/CK Policies exclude loss or

damage caused by "fungus," but the Policies also provide additional coverage for loss or

damage caused by fungus as follows:

### CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special meaning. Refer to Section **F.** – Definitions.

*****

**E.    Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

**1.**    The coverage described in **E.2.** and **E.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

**a.**    A "specified cause of loss"[5] other than fire or lightning; or

**b.**    Flood, if the Flood Coverage Endorsement

---

[5] The definition of "specified causes of loss" is defined above in footnote 4.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 21**

applies to the affected premises.

2.   We will pay for loss or damage by "fungus", wet or dry rot or bacteria.  As used in this Limited Coverage, the term loss or damage means:

    a.   Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    b.   The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    c.   The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

3.   The coverage described under **E.2.** of this Limited Coverage is limited to $15,000.  Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences of "specified causes of loss" (other than fire or lightning) and Flood which take place in a 12-month period (starting with the beginning of the present annual policy period).  With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

4.   This coverage provided under this Limited Coverage does not increase the applicable Limit of Insurance on any Covered Property.  If a particular occurrence results in loss or damage by "fungus", wet or dry rot or bacteria, and any loss or damage, we will not pay more, for the total of all loss or damage, than the applicable Limit of Insurance on the affected Covered Property.

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 22**

If there is covered loss or damage to Covered
Property, not cause by "fungus", wet or dry rot or
bacteria, loss payment will not be limited by the
terms of this Limited Coverage, except to the extent
that "fungus", wet or dry rot or bacteria causes an
increase in the loss.  Any such increase in the loss
will be subject to the terms of this Limited Coverage.

**5.**    The terms of this Limited Coverage do not increase
or reduce the coverage provided under Paragraph **F.2.**
(Water Damage, Other Liquids, Powder or Molten
Material Damage) of this Causes Of Loss Form or
under the Additional Coverage – Collapse.

48.    It does not appear that any "fungus" present in the buildings was the result of

"a specified cause of loss" or flood.  However, GAIC has tendered the full $15,000 limit of

coverage under the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry

Rot And Bacteria without conceding that the loss was the result of "a specified cause of

loss."

49.    Columbia Knoll's failure to give timely notice of its claim resulted in the

spoliation of evidence and has prejudiced GAIC.  GAIC was not given notice of the

destructive testing that took place beginning on June 13, 2016 and continued through June

17, 2016 or the "emergency repairs" that occurred at Building 3 of The Terrace on July 29,

2016.

50.    GAIC reserves its right to assert additional grounds for declination that are

supported by the law and evidence.

51.    There is an actual and justiciable dispute between GAIC and Columbia Knoll

in that Columbia Knoll asserts its claim is covered under the Evergreen/CK Policies and

GAIC contends there is no coverage for the claim.  With respect to The Terrace Policy, there

is an actual and justiciable dispute between GAIC and Columbia Knoll in that Columbia

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 23**

Knoll may make a claim under The Terrace Policy at any time for the same damage it has claimed is covered under the Evergreen/CK Policies.

52.    GAIC seeks a declaratory judgment pursuant to 28 U.S.C. section 2201 that The Terrace and Evergreen/CK Policies provide no coverage for the alleged loss claimed by Columbia Knoll because:

a.    The first of the Evergreen/CK Policies, Policy No. 307-03-51-00 with effective dates of June 30, 2011 to June 30, 2012, includes the "CAUSES OF LOSS – SPECIAL FORM."

b.    Columbia Knoll's loss did not commence during The Terrace policy period of February 9, 2011 to February 9, 2012.

c.    Columbia Knoll's loss did not commence during the Evergreen/CK policy period of June 30, 2011 to June 30, 2014.

d.    Columbia Knoll's preexisting loss was not fortuitous and predated The Terrace and Evergreen/CK policy periods.

e.    Any legal action that Columbia Knoll were to bring would be barred by The Terrace and Evergreen/CK Policies' two-year suit limitations provisions, which require that the insured fully comply with the terms of The Terrace and Evergreen/CK Policies before bringing a legal action against GAIC.

f.    Columbia Knoll's claim is barred under The Terrace and Evergreen/CK Policies by its failure to: give prompt notice of the loss or damage, protect covered property from further damage, and give complete inventories of the damage.

g.    Columbia Knoll's claim is barred because its failure to give prompt

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 24**

notice of loss or damage resulted in the spoliation of evidence, which has prejudiced GAIC.

h.      Columbia Knoll's claim is barred by several exclusions in The Terrace and Evergreen/CK Policies, which exclude from coverage, loss or damage, caused directly or indirectly by water; "fungus", wet rot, dry rot and bacteria; wear and tear; rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; settling, cracking, shrinking or expansion; continuous or repeated seepage or leakage of water that occurs of a period of 14 days or more; collapse (except as provided for in the Additional Coverage for Collapse); neglect to use all reasonable means to preserve property from further damage; acts or decisions by any person or group; faulty, in adequate or defective workmanship, repair, construction, materials used in repair, construction or renovation, or maintenance.

i.      Columbia Knoll's claim for coverage for any loss or damage caused by "collapse" is barred because there has been no "collapse" as that term is defined in The Terrace and Evergreen/CK Policies.

WHEREFORE, GAIC prays for entry of judgment as follows:

1.      For a declaration that the first of the Evergreen/CK Policies, Policy No. 307-03-51-00 with effective dates of June 30, 2011 to June 30, 2012, includes the "CAUSES OF LOSS – SPECIAL FORM."

2.      For a declaration that GAIC policy number PAC 143-80-49-00 with effective dates of February 9, 2011 to February 9, 2012 provides no coverage for the loss defendant

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - Page 25**

Columbia Knoll claims occurred on or about June 30, 2011.

3.      For a declaration that GAIC policy number: PAC 307-03-51-00, PAC 307-03-51-01, and PAC 307-03-51-02 provide no coverage for the loss defendant Columbia Knoll claims occurred on or about June 30, 2011;

4.      For a declaration that GAIC's tender of $15,000 without any admission of liability fully satisfies whatever obligations GAIC may have under The Terrace and Evergreen/CK Policies' additional limited coverage for "Fungus", Wet Rot, Dry Rot and Bacteria.

5.      For costs of suit; and

6.      For such other relief as is appropriate.

DATED:  June 5, 2019

BULLIVANT HOUSER BAILEY PC

By    *s/ Douglas G. Houser*
    **Douglas G. Houser**, OSB #600384
    **Ronald J. Clark,** OSB #880328
    **Jacqueline Tokiko Mitchson**, OSB #145709
    Telephone: 503.228.6351

**Trial Attorneys:**
**Douglas G. Houser**, OSB #600384
**Ronald J. Clark**, OSB #880328
Attorneys for Plaintiffs Great American Alliance
Insurance Company and Great American
Assurance Company

4810-4861-8904.1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT - Page 26**