IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREAT AMERICAN ALLIANCE                 No. 3:18-cv-00908-HZ
INSURANCE CO.,

                                        OPINION & ORDER
                    Plaintiff,

        v.

SIR COLUMBIA KNOLL ASSOCIATES
LIMITED PARTNERSHIP,

                    Defendant.
_____

SIR COLUMBIA KNOLL ASSOCIATES
LIMITED PARTNERSHIP,

                    Third-Party Plaintiff

        v.

PHILADELPHIA INDEMNITY
INSURANCE CO.,

                    Third-Party Defendant.

1 – OPINION & ORDER

Ronald J. Clark
Jacqueline Tokiko Mitchson
BULLIVANT HOUSER BAILEY PC
One SW Columbia St., Ste. 800
Portland, OR 97204

      Attorneys for Plaintiff

James T. McDermott
Dwain M. Clifford
Phillip E. Joseph
BALL JANIK LLP
101 SW Main St., Ste. 1100
Portland, OR 97204

Kelly M. Corcoran
BALL JANIK LLP
201 E. Pine St., Ste. 600
Orlando, FL 32801

      Attorneys for Defendant/Third-Party Plaintiff

Jeffrey V. Hill
Bradford H. Lamb
HILL & LAMB, LLP
1000 SW Broadway, Ste. 1780
Portland, OR 97205

      Attorneys for Third-Party Defendant

HERNÁNDEZ, District Judge:

      This is an insurance coverage dispute involving water-damaged apartment buildings.

Defendant Columbia Knoll owns and manages the buildings in question. Plaintiff Great

American and Third-Party Defendant Philadelphia Indemnity issued the property insurance

policies at issue in this case and denied coverage for Columbia Knoll's losses. On September 4,

2020, the Court granted in part and denied in part the insurers' motions for summary judgment.

The Court granted the insurers' declaratory judgment claims for June 2012 forward and denied

summary judgment on the issue of coverage for the period of June 2011 to June 2012.

The sole issue remaining in this case is whether the insurance policy from the first year of coverage includes a Causes of Loss exclusion form. Great American now moves to amend its complaint to add a claim for reformation to resolve this issue. Separately, Philadelphia Indemnity moves for a Rule 54(b) judgment because the claims against it were resolved on summary judgment. For the reasons that follow, the Court grants Great American's Motion and denies Philadelphia Indemnity's Motion.

## BACKGROUND

In 2011, Great American issued the first of its insurance policies to Columbia Knoll. The only remaining issue in this case involves the first policy, which was effective June 30, 2011, to June 30, 2012. The Quote Proposal issued by Great American stated that the "[q]uote is subject to standard policy terms, conditions, and exclusions, including any and all state specific forms and endorsements." Clark Decl. Ex. 2 at 32. The list that follows includes a reference to "Cause of Loss – Special Form." *Id*. In addition, the "Special Incl. Theft" cause of loss form is noted as applying to each of the locations covered by the policy. Clark Decl. Ex. 2 at 9–31. According to Great American, this shows that the premium for the location is calculated based on the "special" causes of loss form rather than the basic or broad causes of loss form. Clark Decl. Ex. 6 (Duke 30(b)(6) Dep.) 49:9–50:18. The physical copy of the policy, however, did not contain the "Causes of Loss – Special Form. Approximately seven weeks into the policy period, Great American discovered the error and issued an endorsement including the June 2007 Causes of Loss Form. Clark Decl. Ex. 5.

Great American filed this declaratory judgment action on May 24, 2018. Compl., ECF 1. In its original Complaint, Great American brought a claim for "Reformation of Insurance Contract," alleging that a mistake by an underwriter caused the Causes of Loss form to be

omitted from the first policy.[1] Compl. ¶¶ 25, 30. A year later, in May 2019, Great American filed

an Amended Complaint and abandoned its reformation claim, instead alleging as part of its

remaining declaratory judgment claim that the Causes of Loss form was omitted because of

"human error." Am. Compl. ¶ 28, ECF 28. That fall, Great American filed a motion for summary

judgment, arguing in relevant part that the Court should reform the contract and declare that the

Causes of Loss form had been added to the policy by endorsement effective June 30, 2011. Pl.

Mot. Summ. J. 26–28, ECF 87. But in its reply, Great American appeared to concede that it had

abandoned its reformation claim. Opinion & Order 25, ECF 117. The Court denied Great

American's motion, explaining that it would not "attempt to flesh out legal arguments that [Great

American] failed to make." *Id.* at 26.

## STANDARDS

### I.    Rule 15

A party may amend its pleading once as a matter of course or, thereafter, "only with the

opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The

court should freely give leave when justice so requires." *Id.* However, the court need not grant

leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith;

(3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist

West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).  In deciding whether to grant a

motion to amend, the court may also consider the Plaintiff's "dilatory motive" and "repeated

---

[1] There is some dispute as to whether it was the 2002 or 2007 version of the Causes of Loss form
that was included with the policy. Defendant's allegations as to the exact form number included
with the policy has changed throughout the litigation. However, the Court finds this issue
immaterial to whether amendment is appropriate under Rule 15.

failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Delay alone is an insufficient basis on which to deny a motion to amend. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Futility can, by itself, justify denial of a motion for leave to amend. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Generally, the court should make the determination of whether to grant leave to amend with "all inferences in favor of granting the motion." *Id.*

## II.    Rule 54(b) Judgment

In cases with multiple claims or parties, the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "[I]n the interest of judicial economy, Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) (further stating that Rule 54(b) "was not meant to displace the 'historical federal policy against piecemeal appeals.'") (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) ). However, as the Supreme Court recently explained, Rule 54(b) was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409, (2015) (internal quotation marks and brackets omitted). Thus, the Rule "aimed to augment, not diminish, appeal opportunity." *Id.* at 902-03.

In determining whether to enter a Rule 54(b) judgment, the district court first analyzes whether it has rendered a "final judgment," meaning a judgment that is "an ultimate disposition

of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Where the case involves multiple parties rather than multiple claims, " 'party' has the same effect as 'claim.' " *Birkes v. Tillamook Cty.*, No. 3:09-cv-1084-AC, 2012 WL 2178964, at *1 (D. Or. June 13, 2012).

Next, the court must determine "whether there is any just reason for delay." *Wood*, 422 F.3d at 878. The district court has discretion to "determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8. This discretion "is to be exercised in the interest of sound judicial administration." *Id.* (internal quotation marks omitted). Factors relevant to this determination include whether the claims finally adjudicated are "separable from the others remaining to be adjudicated," and whether "the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8; *see also Wood*, 422 F.3d at 878 n.2 (listing relevant factors as: (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and (5) whether delay in payment of the judgment would inflict severe financial harm). Finally, the district court should consider the equities involved. *Puri v. Khalsa*, No. 3:10-cv-01532-MO, 2017 WL 6513055, at *1 (D. Or. Dec. 20, 2017).

///

///

**DISCUSSION**

After the Court's Opinion & Order resolving the parties' motions for summary judgment, Great American moved to amend its complaint to add a claim for reformation, and Philadelphia Indemnity moved for a Rule 54(b) judgment. The Court addresses each motion in turn.

## I.    Motion for Leave to Amend Under Rule 15

Great American moves for an order granting it leave to file a second amended complaint to add a claim for reformation prior to filing another motion for summary judgment. Pl. Mot. Am. 2, ECF 120. Great American argues that adding the reformation claim is the most efficient way for the Court to consider the only remaining issue in this case—whether and which Causes of Loss form was included in the first policy issued by Great American to Columbia Knoll. *Id.* at 2. According to Great American, resolution of this motion would avoid the need for trial. *Id.* at 9–10. Columbia Knoll opposes the motion, arguing that amendment at this time would cause undue delay, would be futile, and would unfairly prejudice Columbia Knoll.[2] Def. Resp. Mot Am. 4, ECF 126.

### A.    Undue Delay

This factor weighs against granting Great American leave to amend. Not only did Great American wait until after the resolution of dispositive motions to seek amendment of its complaint and add this claim, but it previously abandoned the claim that it now seeks to add. Great American has not offered an adequate justification for its decision to wait until now to amend its complaint. Indeed, it appears to this Court that Great American's loss on its related

---

[2] Columbia Knoll does not argue that the claim was brought in bad faith, so the Court does not address this factor.

declaratory judgment claim was the impetus for this filing. However, undue delay alone does not justify denial of the motion. *See Howey*, 481 F.2d at 1191.

      B.     Futility

      Great American seeks to add a claim for reformation. In Oregon, a court will reform a written agreement if the party seeking that remedy establishes three things: (1) an antecedent agreement to which the contract can be reformed; (2) a mutual mistake or, alternatively, a unilateral mistake by one party along with inequitable conduct by the other party; and (3) the party seeking reformation was not grossly negligent. *Jensen v. Miller*, 280 Or. 225, 228–29, 570 P.2d 375 (1977). Testimony of a mutual mistake "must be clear, definite, cogent, and unequivocal, and must show precisely what was intended by the parties to be contained in the instrument." *Dolph v. Lennon's, Inc. et al*., 109 Or. 336, 353, 220 P 161, 167 (1923). "The mistake cannot be mutual if the minds of the parties to the instrument did not meet in a common intent." *Manning Lumber Co. v. Voget*, 188 Or. 486, 499, 216 P.2d 674, 680 (1950). The clear and convincing standard of proof applies to claims for reformation. *Jensen*, 280 Or. at 229 n.1.

      Columbia Knoll argues that Great American's claim is futile because it will not be able to meet the second element—which requires showing inequitable conduct where there is a unilateral mistake. Def. Resp. 7. But Great American has alleged that there was a mutual mistake, and the Court cannot conclude—on the evidence and argument before it—that the addition of a reformation claim would be futile. Great American has put forth some evidence that the parties intended the Causes of Loss form to be part of their contract. Specifically, the quote proposal referred to the form in multiple places. It is therefore plausible that at the time of the execution of the policy, "'the parties intended to say a certain thing and by mistake expressed another.'" *Columbia Forest Prod., Inc. v. Prot. Mut. Ins. Co.*, No. CIV. 96-469-AS, 1999 WL

1441943, at \*8 (D. Or. Oct. 26, 1999) (quoting *Manning Lumber Co. v. Voget*, 199 Or. 486, 500, 216 P.2d 674 (1950)). Because Great American has at least plausibly demonstrated that there was a mutual mistake at the time the policy was issued, its failure to show inequitable conduct does not doom its motion to amend.

Columbia Knoll also argues that Great American is barred from seeking reformation because it was grossly negligent in failing to include the Causes of Loss form with the policy. But "'not all inattentive conduct by a party seeking reformation will bar [reformation].' Rather, conduct, in order to bar reformation, must go beyond mere oversight, inadvertence, or mistake and, instead, must amount to a degree of inattention that is inexcusable under the circumstance." *Foster v. Gibbons*, 177 Or. App. 45, 54, 33 P.3d 329, 334 (2001) (citing *Wolfgang v. Henry Thiele,* 128 Or. 433, 444, 275 P. 33 (1929)). With the procedural posture of this motion in mind, the Court cannot conclude Great American was grossly negligent such that amending its complaint to add a claim for reformation would be futile.

C.      Prejudice

Columbia Knoll argues that it would be prejudiced by having to litigate this claim at this juncture because it would be required to engage in new and costly fact and expert discovery along with briefing on a second round of summary judgment motions. Def. Resp. Mot. Am. 8–9. Such circumstances will likely prejudice Columbia Knoll. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (finding that the time and expense of continued litigation, including relitigation of the same case on a different theory, can constitute undue prejudice). However, the reformation claim is closely related to the issues that have already been developed by the parties through discovery and summary judgment. Thus, additional discovery will be limited, and the next summary judgment motion will be narrow. Accordingly, the additional

costs incurred by Columbia Knoll should be minimal. And to offset any prejudice suffered by Great American's late amendment—which adds a claim that Great American intentionally withdrew from this case years ago—Columbia Knoll will be granted leave to seek recovery of the fees and costs associated with additional discovery and motions practice caused by the amendment at the conclusion of the litigation. *See Amiquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 198 (E.D. Pa. 2005) (granting a motion to amend and ordering the moving party to reimburse the nonmoving party for their costs and fees caused by the delay in requesting leave to amend); Wright & Miller, Fed. Practice & Proc. § 1488 (3d. 2021) ("[T]he court may be obliged to impose conditions, such as the payment of costs, on its grant of the motion.").

## II.     Motion for Rule 54(b) Judgment

Philadelphia Indemnity moves for a Rule 54(b) Judgment, arguing that there is no reason for delaying entry of judgment in its favor because there is nothing more for it to litigate in this case. Phil. Mot. 54(b) J. 3, ECF 123. Specifically, the Court resolved Columbia Knoll's breach of contract claims for coverage against Philadelphia Indemnity at summary judgment, and the only remaining issue in this case involves a policy between Great American and Columbia.  *Id.* at 3– 5. Philadelphia Indemnity asserts that it would incur "significant attorneys fees and costs" if it had to continue to be involved in this action. *Id.* at 8. Columbia Knoll opposes Philadelphia Indemnity's motion, arguing that the factual and legal similarities between the claims involving both Philadelphia Indemnity and Great American make a partial judgment improper. Def. Resp. 54(b) J. 5–7, ECF 127.

A partial judgment on the claims between Columbia Knoll and Philadelphia Indemnity is not warranted in this case. Though these claims were resolved at summary judgment and the only claim that remains is between Columbia Knoll and Great American, the analysis underlying the

resolution of the claims between Columbia Knoll and Philadelphia Indemnity was nearly identical to the analysis underlying most of the claims between Columbia Knoll and Great American. *See* Opinion & Order, ECF 117; *see also* Phil. Mot. 54(b) J. 2 ("The coverage issues between GAIC, Philadelphia, and Columbia Knoll are virtually identical[.]"). Philadelphia Indemnity argues that "there is no danger that the same issues will arise more than once on appeal." But quite the opposite is true. If the Court entered a judgment on the claims against Philadelphia Indemnity now and Columbia Knoll appealed, a subsequent appeal by Columbia Knoll on the claims against Great American—once they are resolved—would likely raise the same issues. *See Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (where claims are factually and legally related "it is not proper to direct entry of a separate judgment pursuant to Rule 54(b)."). Defendant has also identified other issues for appeal that apply equally to the claims brought by and against both insurers. *See* Def. Resp. 54(b) J. 5–6. And except for identifying amorphous costs and fees that would be incurred by Philadelphia Indemnity for having to continue to participate in the litigation even though it has succeeded on the claims brought against it, Philadelphia Indemnity identifies no prejudice. Accordingly, the Court denies Philadelphia Indemnity's motion.

///

///

///

///

///

///

///

**CONCLUSION**

The Court GRANTS Great American's Motion for Leave to File Amended Complaint [120] and DENIES Philadelphia Indemnity's Motion for Entry of Rule 54(b) Judgment [123]. Great American must file its Second Amended Complaint within 7 days of this Opinion & Order. The parties shall confer and file a joint proposed schedule to address the outstanding issues in this case within 14 days of this Opinion & Order. Consistent with Federal Rule of Civil Procedure 54(d), at the conclusion of this case Columbia Knoll may seek reimbursement for the costs and attorneys' fees that it incurs as a result of Great American's delay in amending its complaint to add a claim for reformation.

IT IS SO ORDERED.

DATED:   September 16, 2021   .

MARCO A. HERNÁNDEZ
United States District Judge